# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RANDALL DAVID DUE, #96294-020,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 3:19-cv-01161-JPG |
| | ) |
| **DOCTOR FASIL VAKIL AHMED and WARDEN WERLICH,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This case is before the Court on Plaintiff Randall David Due's second "Emergency Expedited Injunction for Medical Malpractice Due to Unlicensed Medical 'Practitioner' 'Doctor' Ahmed," (Doc. 10), which is identical to a previous request made by Plaintiff for an emergency expedited injunction (Doc. 1) that was denied (Doc. 6). The Court construes the filing as a motion for a temporary restraining order ("TRO") under Federal Rule of Civil Procedure 65.

Plaintiff is an inmate at Federal Correctional Institution Greenville (FCI Greenville). He claims that Doctor Fasil Ahmed, presumably a doctor at FCI Greenville, is practicing medicine without a valid license. (Doc. 1, p. 1). He claims that Ahmed has "caused injury to several parties, such as Donald Packham[.]" (*Id.*). He requests that an injunction issue to prevent Ahmed from practicing and a licensed doctor be brought in to "reevaluate" all his patients to determine damages. (*Id.*).

The Court may issue a TRO ***only if*** "specific facts in an affidavit or verified complaint clearly show that Plaintiff will suffer immediate and irreparable injury, loss, or damage before the

1

adverse party can be heard in opposition." Fed.R.Civ.Proc. 65(b)(1)(A). Plaintiff's motion fails to satisfy that requirement.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's "Emergency Expedited Injunction for Medical Malpractice Due to Unlicensed Medical 'Practitioner' 'Doctor' Ahmed." (Doc. 10) is **DENIED without prejudice**.

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 13, 2019**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**
