# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RANDALL DAVID DUE, #96294-020, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 19-cv-01161-JPG |
| DOCTOR FASIL VAKIL AHMED, WARDEN WERLICH, and FCI-GREENVILLE, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Randall David Due, an inmate in the custody of the Federal Bureau of Prisons ("BOP") and currently incarcerated at the Federal Correctional Institution in Greenville, Illinois ("FCI-Greenville"), brings this action for alleged violations of his constitutional rights by persons acting under color of federal authority pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). (Doc. 9). Plaintiff claims he was denied Milk of Magnesia for chronic digestive issues at FCI-Greenville. (*Id*. at pp. 9-11). He seeks money damages against the prison physician, warden, and prison. (*Id*.).

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

In the Complaint, Plaintiff alleges that he has been prescribed Milk of Magnesia for chronic digestive issues at every BOP facility, except FCI-Greenville. (Doc. 9, pp. 9-11). Following his transfer to FCI-Greenville in April 2019, Plaintiff discussed his treatment for chronic digestive issues with several members of the medical and prison staff. (*Id.*). He requested a renewal of his prescription for Milk of Magnesia from Ms. Ulmer. (*Id.* at p. 9). Although she agreed to renew it, she warned Plaintiff that Dr. Ahmed would likely cancel the prescription. (*Id.*). When Plaintiff met with Dr. Ahmed, he cancelled the prescription. (*Id.*).

On April 25, 2019, Plaintiff emailed HSA Pence[1] to ask why his prescription was cancelled, but he claims that Pence "failed to show cause to the contrary" and thereby "admitt[ed] default that the staff of the BOP is totally responsible for . . . [Plaintiff's] every medical need." (*Id.*). On May 23 and 29, 2019, Plaintiff emailed Warden Werlich and demanded that he and BOP staff at FCI-Greenville provide "certified/verified proof . . . that each" party who denied his request for Milk of Magnesia is "licensed to practice medicine in the State of Illinois by the Illinois Department of Health." (*Id.* at p. 10). Plaintiff maintains that "said parties" conspired to violate his rights and engaged in "treason, rebellion, or insurrection against the constitution." (*Id.*).

**Count 1**: Defendants denied Plaintiff adequate medical care for his chronic digestive condition in violation of the Eighth Amendment and pursuant to *Bivens* when they cancelled his prescription for Milk of Magnesia.

**Count 2**: Defendants conspired to violate Plaintiff's constitutional rights and are responsible for treason, rebellion, or insurrection against the constitution.

---

[1] Plaintiff did not name Ms. Ulmer or HSA Pence as defendants in the case caption or the list of defendants. The Court will not treat them as defendants. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be "specif[ied] in the caption"). Any claims against these individuals are considered dismissed without prejudice.

**Any claim mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pleaded under the *Twombly*.[4]**

### Count 1

The Eighth Amendment bars the cruel and unusual punishment of prisoners, and it prohibits prison officials from responding to an inmate's serious medical condition with deliberate indifference. *Greeno v. Daley*, 414 F.3d 645, 652-53 (7th Cir. 2005). An objectively serious medical condition is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001). The medical condition need not be life-threatening. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). It can be a condition that would result in further significant injury or unnecessary and wanton pain if left untreated. *Id*. Plaintiff's chronic digestive issues, which were diagnosed as requiring treatment by multiple BOP physicians, qualifies as a sufficiently serious medical condition to survive screening.

To proceed with this claim, Plaintiff must also allege that each defendant responded to his serious medical condition with deliberate indifference. To satisfy this standard, the plaintiff must set forth facts suggesting that each defendant knew about his serious medical condition and the risk it posed, but disregarded the risk. *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011). Plaintiff is required to show something more than mere negligence or even gross negligence. *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008).

The allegations state a claim at screening against Dr. Ahmed, who cancelled Plaintiff's prescription medication for his chronic digestive condition after Plaintiff informed him that physicians at every other BOP facility prescribed him Milk of Magnesia. The Seventh Circuit

---

[4] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Court of Appeals has explained that "[a]llegations of refusal to provide an inmate with prescribed medication or to follow the advice of a specialist can also state an Eighth Amendment claim." *Arnett*, 658 F.3d at 753 (citations omitted). Count 1 shall proceed against Dr. Ahmed.

However, this claim shall be dismissed against Warden Werlich. Plaintiff does not claim that the warden played any role in denying him medical care. (Doc. 9, pp. 9-11). He claims that the warden ignored his two demands for proof that the medical staff at FCI-Greenville were licensed to practice medicine in the State of Illinois. (*Id*. at p. 10). This is not enough to show deliberate indifference to Plaintiff's medical needs on the part of Warden Werlich. Count 1 shall be dismissed without prejudice against the warden.

The claim also cannot proceed against FCI-Greenville. *Bivens* provides a damages remedy for certain constitutional violations against *individual* federal officers. *Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 71 (2001). The remedy does not extend to their employers, the BOP, or the United States. *Id*. at p. 72. FCI-Greenville is a division of the BOP. Plaintiff cannot pursue his *Bivens* claim against this defendant. Count 1 shall be dismissed with prejudice against the prison.

**Count 2**

Plaintiff's claim that the defendants conspired to violate his constitutional rights and are responsible for treason, rebellion, or insurrection against the constitution is frivolous. A conspiracy cannot involve a single defendant. Count 1 survives review against Dr. Ahmed and no one else. Further, no allegations suggest that Warden Werlich (the only other individual defendant) reached an agreement with Dr. Ahmed or coordinated efforts with him to deprive Plaintiff of medical care. Count 2 shall be dismissed with prejudice for failure to state a claim.

**IT IS ORDERED** that the Complaint (Doc. 9) survives preliminary review under

28 U.S.C. § 1915A.  **COUNT 1** will proceed against Defendant **FAISAL VAKIL AHMED**. **Pursuant to Administrative Order No. 244, Defendant should only respond to the issues stated in this Merits Review Order.**

**IT IS ORDERED** that **COUNT 1** is **DISMISSED** without prejudice against Defendant **WARDEN WERLICH** and with prejudice against Defendant **FCI-GREENVILLE**. **COUNT 2** is **DISMISSED** with prejudice as being frivolous and for failure to state a claim against all of the defendants.  The Clerk is **DIRECTED** to **TERMINATE** Defendant **FCI-GREENVILLE** as a party to this action in CM/ECF.

The Clerk of Court shall prepare for Defendant **FAISAL VAKIL AHMED**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 9), and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.  If the defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that defendant's current work address, or, if not known, his or her last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 1/31/2020**

s/ J. Phil Gilbert_____
**J. PHIL GILBERT**
**United States District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**