UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RANDALL DAVID DUE,

    Plaintiff,

v.

FASIL VAKIL AHMED, WARDEN WERLICH,
and FCI-GREENVILLE,

    Defendants.

Case No. 19-cv-1161-JPG

### MEMORANDUM AND ORDER

This matter comes before the Court on its August 25, 2020, order (Doc. 34) for plaintiff Randall David Due to show cause why the Court should not dismiss this case based on his failure to pay the initial partial filing fee of $0.49, his failure to timely respond to defendant Fasil Vakil Ahmed's motion for summary judgment (Doc. 30), his failure to prosecute his claims, and his failure to comply with court orders at Documents 13, 26, and 33 regarding his failure to pay the initial partial filing fee.[1]  The Court warned Due that if he failed to comply with the order to show cause, it would dismiss this action.  *See In re Bluestein & Co.*, 68 F.3d 1022, 1025 (7th Cir. 1995); Fed. R. Civ. P. 41(b).  Due has responded to the order (Doc. 35).  The Court begins with the filing fee issue, then turns to Dr. Ahmed's invocation of the requirement for Due to exhaust administrative remedies before filing suit.

**I.**      **Background**

Due, a federal inmate at the Federal Correctional Center at Greenville, Illinois ("FCI-Greenville") at all relevant times, began this case in October 2019.  He alleges he suffered from

---

[1] The order to show cause also refers to Document 30, Dr. Ahmed's summary judgment motion.  However, since the Court did not order Due to do anything in that document, that cannot be a basis for dismissal.

chronic digestive issues and claims Dr. Ahmed would not give him Milk of Magnesia to treat those problems, although he had been prescribed that remedy at all other Bureau of Prison's ("BOP") facilities in which he had been housed prior to his arrival at FCI-Greenville in April 2019.  The only claim remaining at this time is a claim against Dr. Ahmed under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), for deliberate indifference to his medical needs in violation of the Eighth Amendment.

The Court begins with the filing fee issue, then turns to Dr. Ahmed's invocation of the requirement for Due to exhaust administrative remedies before filing suit.

## II.     Initial Partial Filing Fee

Since Due began this case in October 2019, the Court has allowed him to proceed without prepayment of fees.  On November 21, 2019, the Court assessed an initial partial filing fee of $0.49 pursuant to 28 U.S.C. § 1915(b)(1) and directed Due to complete and submit the consent form authorizing allow FCI-Greenville to pay filing fee amounts from Due's trust fund account (Doc. 13).  The Court calculated this filing fee after considering the average monthly balance or deposits in the plaintiff's account for the six-month period immediately preceding the filing of the complaint.  Due submitted a signed consent form with a notation that he signed it under the coercion, duress, and threat of the Court's denying him access to the courts if he did not (Doc. 15).  He also asserted, in mumbo jumbo familiar to the sovereign citizen movement, that he had no funds available to make the payment.

On March 18, 2020, the Court ordered the plaintiff to pay on or before May 18, 2020, the $0.49 initial partial filing fee assessed at the outset of this case or to demonstrate that he had no means to pay that sum (Doc. 26).  The Court further ordered that any attempt to show he had no means to pay the fee must be supported by a prison trust fund account statement covering the

entire time this case has been pending. On June 18, 2020, in light of the COVID-19 pandemic, the Court extended the deadline to July 18, 2020 (Doc. 33).

Not having received any payment toward the initial partial filing fee by August 25, 2020, the Court issued the pending order to show cause in which it reminded Due of his obligation to pay the fee and again allowed him more time to do so—until September 8, 2020 (Doc. 34). Due responded to the order to show cause claiming that "all available funds were removed from BOP Trust Account . . . and sent to the court. Therefore, the account has not had $0.49 available since then." Pl.'s Resp. 1 (Doc. 35). He does not support this assertion with a copy of his trust fund account statement covering the entire time this case has been pending, as required by the Court's March 18, 2020, order (Doc. 26). Additionally, he fails to explain what happened to the $13.80 in his trust fund account when he filed this lawsuit in April 2019, how in November 2019 he was able to accumulate $0.49 to pay the filing fee in a second lawsuit (No. 20-cv-1168-JPG), or what happened to the $13.31 he had in his trust fund account when he filed a third lawsuit on or around March 11, 2020 (No. 20-cv-279-JPG, Doc. 2).

The Court cannot dismiss a prisoner's lawsuit simply because he does not have funds to pay the filing fee assessed. *See* 28 U.S.C. § 1915(b)(4). However, if the plaintiff claims he has no means to pay the fee at the moment, it is his burden to show that sufficient funds have not existed and do not exist to collect the assessed fee and that he is not at fault for the lack of funds. *See Thomas v. Butts*, 745 F.3d 309, 313 (7th Cir. 2014).

The Court is not pleased that Due has submitted neither the initial partial filing fee nor the requested trust fund account statement. However, on closer examination of money the Court has received from that account, the Court is not convinced that Due is responsible for the failure to pay the initial partial filing fee in this case. The Court notes that FCI-Greenville submitted a

3

payment from Due's trust fund account in the amount of $0.49, which the Court received on December 2, 2019, but the Court applied that payment to an identical $0.49 initial partial filing fee Due had been assessed in Case No. 19-cv-1168-JPG, *Due v. Bureau of Prisons Central* (Doc. 6 in that case). The chance that there was some confusion in submission or application of an identical initial partial filing fee assessed in the same general time frame is too great to justify dismissing at this time this case for failure to pay the initial partial filing fee. Instead, the Court will notify the BOP again that the filing fee remains due in this case so it can take appropriate action to submit that fee.

### III.     Failure to Exhaust Administrative Remedies

Summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). The Court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Chelios v. Heavener*, 520 F.3d 678, 685 (7th Cir. 2008); *Spath*, 211 F.3d at 396.

As a preliminary matter, Local Rule 7.1(c) permits the Court to construe a plaintiff's failure to respond to a defendant's summary judgment motion as an admission of the merits of the motion. Due did not file a "response" to Dr. Ahmed's motion for summary judgment (Doc. 30), so the Court ordered Due to show cause why the case should not be dismissed in light of his failure to respond to the summary judgment motion. In his response to the show cause order, Due asserts that his June 2, 2020, filing (Doc. 32)—which the Court docketed as a "Certification" and determined was not a proper response to the summary judgment motion—

4

was intended to be his response.  In light of this intention, the Court declines to deem the merits of Dr. Ahmed's motion admitted.  Instead, it turns to the merits of the motion and whether Dr. Ahmed has established as a matter of law that Due has not exhausted his administrative remedies for Count 1 against Dr. Ahmed.

    A.    <u>Exhaustion Process</u>

Under the Prison Litigation Reform Act ("PLRA"), a prisoner may not file a *Bivens* suit over conditions in a federal prison, including medical care, "until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002).  The purposes of the exhaustion requirement are to reduce the quantity and improve the quality of prisoner suits by giving prison officials an opportunity to address complaints internally and to take corrective action before the court gets involved, by filtering out frivolous claims, and by creating an administrative record that can illuminate the dispute once it gets to court.  *Id.*

In order to satisfy the exhaustion requirement of 42 U.S.C. § 1997e(a), a prisoner's grievance and appeal must be filed "in the place, and at the time, the prison's administrative rules require . . . [and] . . . contain the sort of information that the administrative system requires." *Strong v. David*, 297 F.3d 646, 649 (7th Cir. 2002) (internal citation and quotations omitted); *see Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006) (requiring "proper exhaustion," that is, compliance with administrative deadlines and other critical procedural rules so the agency can address the issues on the merits).

To exhaust administrative remedies for constitutional claims like the Eighth Amendment claim Due raises in this lawsuit, an inmate must use the BOP's Administrative Remedy Program described in 28 C.F.R. § 542.10 *et seq.*, along with any institution-specific supplemental procedures.  Generally, this procedure involves four steps.  First, the inmate must attempt

informal resolution with prison staff by submitting an informal resolution form listing their efforts to resolve the problem.  28 C.F.R. § 542.13; FCI-Greenville Admissions & Orientation Handbook ("Handbook") 67, available at https://www.bop.gov/locations/institutions/gre/.  Second, if informal attempts do not resolve the grievance, the inmate must submit a formal Administrative Remedy Request on a BP-9 form (at FCI-Greenville, called a BP-229) within twenty calendar days of the event or injury giving rise to the complaint.  28 C.F.R. § 542.14; Handbook 67-68.  Third, if the inmate is not satisfied with the warden's response to the Administrative Remedy Request, the inmate may appeal that decision to the appropriate Regional Director by filing using a BP-10 form (at FCI-Greenville, called a BP-230) submitted within 20 calendar days of the date the warden signed his response.  28 C.F.R. § 542.15; Handbook 68.  The fourth step is an appeal to the BOP General Counsel using a BP-11 form (at FCI-Greenville, called a BP-231) submitted within 30 calendar days of the Regional Director's response.  28 C.F.R. § 542.15; Handbook 68.  An appeal to the BOP General Counsel is the final step in the administrative review process, and the inmate's remedies are deemed exhausted when he receives a response from the BOP General Counsel or upon the expiration of the General Counsel's response time.  The Court will refer to this exhaustion process as "Part 542 exhaustion."

Part 542 exhaustion differs from the process required to exhaust administrative remedies for claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) & 2671-2680, such as, for example, medical malpractice claims against federal prison doctors.  That process is set forth in 28 C.F.R. § 543.30 *et seq.*, so the Court will refer to it as "Part 543 exhaustion."  Part 543 exhaustion begins with filing an administrative tort claim with the BOP Regional Office of the region where the claim occurred, 28 C.F.R. § 543.31(c), not the inmate's institution of

6

incarceration.  After investigation, the BOP's Regional Counsel will issue a decision.  28 C.F.R. § 543.32(c)-(d).  If the inmate is not happy with that decision, he may request reconsideration by the BOP.  28 C.F.R. § 543.32(g).  The BOP's decision is considered the final agency action, and if the inmate is dissatisfied with that decision, he may file an FTCA lawsuit in the district court.  28 C.F.R. § 543.32(g).  If the inmate does not receive a response within six months, the claim is deemed denied, and the inmate may proceed to file a lawsuit without pursuing further administrative relief.  28 C.F.R. § 543.32(i).

      B.      <u>Due's Attempts to Exhaust</u>

Dr. Ahmed asks the Court to grant summary judgment in his favor on the grounds that, although Due filed an Administrative Remedy Request on May 19, 2019, regarding Dr. Ahmed's failure to authorize Milk of Magnesia (Remedy ID 977736-F1), Due did not exhaust all of his available administrative remedies.  Dr. Ahmed presents affidavit testimony that the FCI-Greenville warden denied Due's  Administrative Remedy Request on May 20, 2019, and Due never appealed that decision through the rest of the Part 542 exhaustion process.  Thus, Dr. Ahmed argues Due did not exhaust his administrative remedies, and the Court must grant him summary judgment.

In response, Due does not dispute that he failed to exhaust Administrative Remedy Request Remedy ID 977736-F1 under Part 542 exhaustion.  Instead, he points to an Administrative Tort Claim he signed on September 6, 2019 and send to the BOP North Central Regional Office in an effort to complete Part 543 exhaustion, the prerequisite to filing an FTCA lawsuit.  He presents a certificate showing the North Central Regional Office received the claim on September 12, 2019 (Docs. 9 at 8-11 & 32 at 3).  Due claims he never got a response, so he has exhausted all available administrative remedies.

7

    C.    <u>Analysis</u>

Due did not exhaust his available administrative remedies before filing this lawsuit. The Court's January 31, 2020, screening order (Doc. 16) identified the claims in this case as federal constitutional claims. For such a claim, Due was required to complete the available administrative remedies for Part 542 exhaustion. He did not, and he has offered no explanation why he could not have exhausted those remedies. Therefore, the Court must dismiss his claim against Dr. Ahmed without prejudice.

Due apparently believes he is pursuing an FTCA claim rather than a *Bivens* claim, so he was required to exhaust using Part 543 exhaustion. First, he is incorrect that this case includes an FTCA claim. Such claims were not identified in the Court's screening order and must be filed against the United States, not its agents or employees, the only defendants listed in this case. Second, even if Due had pled an FTCA claim, his filings establish that he commenced this lawsuit before exhausting his Part 543 remedies. He signed and submitted his Administrative Tort Claim on September 6, 2019, and within a little more than two months, he had filed a motion for an emergency injunction (Doc. 1, filed October 24, 2019) and the complaint (Doc. 9, filed November 12, 2019). At both of those points in time, he had not received a response to his Administrative Tort Claim, nor had six months passed, at which point he could have deemed his claim denied. He simply jumped the gun if he was intending to assert a medical malpractice tort claim based on Dr. Ahmed's treatment of his malady.

Because Due had not exhausted all of his available administrative remedies under Part 542 or Part 543 exhaustion before filing this lawsuit, the Court must grant Dr. Ahmed's motion for summary judgment. However, the Court notes that the FTCA allows a claimant two years to file an administrative claim, 28 U.S.C. § 2401(b), so Due may still be able to file a timely FTCA

8

action after exhausting his administrative remedies under Part 543, if he has not already done so.

IV. Conclusion

For the foregoing reasons, the Court:

- **DISCHARGES** the order to show cause (Doc. 34);

- **GRANTS** Dr. Ahmed's motion for summary judgment (Doc. 30);

- **DISMISSES** Count I **without prejudice** for failure to exhaust administrative remedies under the PLRA;

- **DIRECTS** the Clerk of Court to enter judgment accordingly; and

- **DIRECTS** the Clerk of Court to resend the Court's November 21, 2019, order (Doc. 13) and Due's consent form (Doc. 15) to the Trust Fund Officer at FCI-Greenville for submission of the required fee payments.

.
**IT IS SO ORDERED.**
**DATED:  March 18, 2021**

>                s/ J. Phil Gilbert
> **J. PHIL GILBERT**
> **DISTRICT JUDGE**